**CITY OF SIOUX CITY, A municipal corporation, Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE & FINANCE, Appellee.**

No. 02–0939.

Supreme Court of Iowa.

July 16, 2003.

James L. Abshier, City Attorney, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Lucille M. Hardy, Assistant Attorney General, for appellee.

STREIT, Justice.

"Life is like a sewer—what you get out of it depends on what you put into it." [1] The City of Sioux City claims what you put into a sewer determines if sales tax should

be paid on it. The city presents the question: Do "sewage services" include the collection of rainwater? The Iowa Department of Revenue and Finance says "yes." It collected five years of back sales taxes on gross receipts for rainwater collection services provided to nonresidential commercial operations from Sioux City. The city requested a refund arguing the term "sewage services" includes only the vile liquids and solids that pass through the city's sanitary sewers. The department denied the city's request finding "sewage services" applies to *anything* that flows through the sewers, including rainwater. An administrative law judge found "sewage services" do not include rainwater collection and therefore the city was entitled to a refund. The department appealed, and the director reversed relying upon the administrative rule that defines "sewage services" as including rainwater collection services among other services to be taxed. On judicial review, the district court affirmed the director's decision. We find the department did not exceed its discretion in interpreting Iowa Code section 422.43(11) (1997) by administrative rule. Pursuant to this rule, we conclude the term "sewage services" as used in section 422.43(11) includes storm water drainage services. Therefore, we affirm.

## I. Background and Facts

In 1998, the Iowa Department of Revenue and Finance conducted an audit of Sioux City's sales tax collection practices. The department discovered the city had not collected sales tax on the storm water drainage fees charged to nonresidential commercial operations. Relying on Iowa Code section 422.43(11), as interpreted by Iowa Administrative Code rule 701—

---

1. Tom Lehrer, *We Will All Go Together When We Go*, on An Evening Wasted with Tom Lehrer (Warner Brothers 1959).

26.72(1)($a$) (1998), the department levied and assessed sales taxes on such fees going back to 1993. The city paid the assessment and then requested a refund. The department denied the city's request and the city filed a protest.

The dispute centered on whether the term "sewage services" as it is used in Iowa Code section 422.43(11) includes the drainage of rainwater. The administrative law judge concluded rainwater is not sewage and reversed the department's denial of the city's refund request. The department appealed and the director of the department reversed the administrative law judge's decision. On judicial review, the district court affirmed the director's decision. The city appeals asserting the trial court erred in interpreting Iowa Code section 422.43(11) to authorize the implementation of sales tax on nonresidential commercial operations for storm water drainage services.

## II. Scope of Review

On appeal we consider whether the department had discretion to interpret the term "sewage services" as it is used under Iowa Code section 422.43(11). We also determine whether the department's definition of "sewage services" in Iowa Administrative Code rule 701—26.72(1)($a$) was reasonable. On judicial review of a final agency action, our review is limited to correcting any errors of law made by the department. Iowa Code § 17A.19(8)($e$).

**2.** In the case before us, we examine whether the legislature "expressly" vested authority in the department to interpret the statute. We note the 1998 amendments to the Iowa Administrative Procedure Act do not apply to the case before us as the amendments were not effective until July 1, 1999. *See* 1998 Iowa Acts ch. 1202, § 46; Arthur E. Bonfield, Amendments to Iowa Administrative Procedure Act, Report on Selected Provisions to Iowa State Bar Association and Iowa State

## III. Scope of the Department's Discretion

■ The first issue is whether the department had authority to interpret Iowa Code section 422.43(11). We start from the proposition that the department "has no inherent power and has only such authority as is conferred by statute or is necessarily inferred from the power expressly granted." [2] *Schmidt v. Iowa State Bd. of Dental Exam'rs*, 423 N.W.2d 19, 21 (Iowa 1988). The question then is whether the legislature "expressly" granted to the department the authority to interpret Iowa Code section 422.43(11). The 1992 enactment of Iowa Code section 422.43(11) imposed a sales tax on gross receipts derived from a number of different services, including "sewage services for nonresidential commercial operations." When the legislature added the provision of "sewage services" to the list of services for which the city shall collect a sales tax on the gross receipts, the legislature did not define the term "sewage services." Iowa Administrative Code rule 701—26.72(3) provides,

*Retailers obligated to collect the tax.* Counties, municipalities, sanitary districts, or any other persons which provide sewage services to nonresidential commercial operations are obligated to collect Iowa sales tax upon the gross receipts from the rendering, furnishing, or performing of sewage services to those operations.

Government 57 (1998) ("expressly" vested has been replaced by the standard of "clearly" vested). The department denied the city's request for a refund in 1998, before the effective date. The amendments did not change the law, but only "clearly and firmly" restated current law. *See id.* at 73. The amendments strengthen the proposition that the department has no inherent authority, but only those "powers expressly or impliedly delegated to [it] by law." *Id.*

Iowa Admin. Code r. 701—26.72(3). Because the legislature did not define "sewage services," the department enacted Iowa Administrative Code rule 701—26.72(1)(*a*) defining the term. The department interpreted "sewage services" as

> the service of collecting rainwater and other liquid and solid refuse or excreta for drainage or purification by means of pipes, channels, or conduits usually placed underground.

Iowa Admin. Code r. 701—26.72(1)(*a*).

■ In section 422.68 the legislature empowered the department to administer and enforce the rules of chapter 422. The general enabling statute gives the department "the power and authority to *prescribe all rules not inconsistent* with the provisions of [chapter 422], necessary and advisable for its detailed administration and to effectuate its purposes." Iowa Code § 422.68 (2001) (emphasis added). The adoption of administrative rules which "amend or nullify legislative intent exceeds the department's authority." *Sorg v. Iowa Dep't of Revenue*, 269 N.W.2d 129, 131 (Iowa 1978).

■ Given the broad language of the enabling statute, the scope of the department's authority is expressly comprehensive. The statute says the department is charged with the responsibility of administering the provisions of chapter 422. The statute also expressly delegated to the department the rule making powers necessary to enforce the laws. Bearing in mind the practical considerations involved in the legislature's vesting the department with discretion to enforce the laws, it follows the department has authority to define terms necessary to fulfill its responsibility. When the department interpreted section 422.43(11), it did so pursuant to the enabling statute. We will grant relief only if the department's interpretation was "unreasonable, arbitrary, or capricious or characterized by an abuse of discretion." Iowa Code § 17A.19(8)(*g*).

## IV. Reasonableness of the Department's Interpretation

■ The city seeks to prove the department's interpretation of the statute is not consistent with the language of Iowa Code section 422.43(11). Relief from the department's action may be granted if the department's action was "unreasonable, arbitrary, or capricious" or characterized by an abuse of discretion. *Iannone v. Dep't of Revenue & Fin.*, 641 N.W.2d 735, 738 (Iowa 2002). Action is arbitrary when it is "taken without regard to the law or facts of the case." *Dawson v. Iowa Bd. of Med. Exam'rs*, 654 N.W.2d 514, 519–20 (Iowa 2002). An abuse of discretion exists if the department action was unreasonable or lacked rationality. *Iannone*, 641 N.W.2d at 738. Action is unreasonable when it is "clearly against reason and evidence." *Dawson*, 654 N.W.2d at 519.

■ Turning to the reasonableness of the department's interpretation of "sewage services," we apply the well-established rules of statutory construction. Generally, statutory words are presumed to be used in their ordinary and commonly understood sense. The city and department each emphasize different and, at first glance, incompatible definitions of the word "sewage." The city advocates the term "sewage services" encompasses only the vile solids and liquids that pass through the city's sanitary sewers. The department contends "sewage services" apply to anything that flows through the sewers, including rainwater. The following discussion is helpful in determining what "sewage services" is meant to encompass.

The primary meaning of the word "sewage" is that which passes through a

sewer, and a secondary meaning is derived from the usual character of the contents of a sewer, and as used. in that sense the word signifies the *refuse and foul matter solid or liquid, which is so carried off: excreted, as well as waste, refuse or foul matter,*[3] carried off in sewers and drains, whether open or closed, by water flowing therein.

The words "sewage"· and "sewerage" both have reference to the *general drainage of a city or town by means of sewers,*[4] and are applied to matter carried away in drains as well as that carried in sewers, and the terms include all kinds of drainage and water discharge.

80 C.J.S. *Sewage or Sewerage–Sewer* § 62, at 129 (1953) (emphasis added). *See also Morgan v. City of Danbury,* 67 Conn. 484, 35 A. 499, 500 (1896). Other jurisdictions have defined sewage as "the general drainage of a city or town by means of sewer." *City of Valparaiso v. Parker,* 148 Ind. 379, 47 N.E. 330, 331 (1897); *accord Citrano v. Hingham Mut. Fire Ins. Co.,* 58 Mass. App.Ct. 906, 788 N.E.2d 975, 976 (2003); *Morgan,* 35 A. at 500.

To hinge the proper definition of "sewage services" on the word "sewage" alone is to ignore the other statutory term. When the legislature used the word "services" it intended for the statute to apply to services rendered via the municipality's sewer system. A "sewer" is defined as

> an artificial, usually subterranean, conduit to carry off water and certain waste matter, as (a) surface water due to rainfall; (b) household waste, as slops waste water from sinks, baths, etc., and excreta consisting of urine, feces; (c) waste water from industrial works.

80 C.J.S. *Sewage or Sewerage Sewer* § 62, at 131. Given these commonly understood meanings of the words "sewage" and "sewer" the department's act in defining "sewage services" to include the service of collecting rainwater was reasonable. *See* Iowa Admin. Code r. 701—26.72(1)(*a* ). Nothing in the statute suggests the legislature intended to limit such services, based on content, or to restrict sewage services to the collection of sanitary sewage. ·

Our determination is reinforced by an examination of legislative intent. Certain code provisions reveal the legislature's intent in other chapters to specify a more specific type of sewage services. For example, Iowa Code section 362.2(6) (1997) defines "city utility" in part as "all or part of a ... sanitary sewage system." Iowa Code section 388.2 (1997) also refers to the existence of "sanitary sewage." When the legislature enacted Iowa Code section 422.23(11), it did not use the more narrow term "sanitary sewage." It is clear, on other occasions, the legislature has chosen to restrict the definition of "sewage" to "sanitary" sewage. The legislature's use of the narrow definition indicates its awareness of the difference between sanitary sewage and "sewage services." *See, e.g.,* Iowa Code §§ 384.84(2)(*a* ) (1997) (referring to "services of sewer systems, storm water drainage systems, sewage treatment, solid waste collection, water, solid waste disposal), 384.84(3)(*a* ) (1997) (referring to same services as listed in section 384.84(2)(*a* )). In this case, the legislature used the broad term "sewage services," indicating its intent to apply the statute using the more expansive definition of sewage. Because the legislature did not specifically limit the meaning of the term, the department acted reasonably in defining "sewage services" to include that which flows through both the sanitary and storm

---

3. The city's content-based definition of "sewage services."

4. The State's system-based definition of "sewage services."

sewers. The department's decision to define sewage in a broad manner is consistent with Iowa Code section 422.43(11) and legislative intent.

Finally, we note the department promulgated its administrative rule defining "sewage services" in 1992. The legislature has not amended Iowa Code section 422.43(11) since the department enacted the Iowa Administrative Code rule 701—26.72(1)(a). We consider the legislature's inaction as a tacit approval of the department's action. 2 Am.Jur.2d *Administrative Law* § 92 at 116 (1994). *See also Drahaus v. State,* 584 N.W.2d 270, 276 (Iowa 1998) (legislature's failure to amend a statute in response to a particular interpretation of the statute announced by the court is presumed that the "legislature has acquiesced in that interpretation"). The fact that this administrative rule has been in effect for eleven years strongly cautions against finding the rule invalid.

### V. Conclusion

The department did not exceed its authority in interpreting Iowa Code section 422.43(11). The legislature "expressly" vested with the department the authority to define "sewage services" and promulgate an administrative rule reflecting its definition. We conclude the department's interpretation of "sewage services" was reasonable and Iowa Administrative Code rule 701—26.72(1)(a) is a valid administrative rule.

**AFFIRMED.**