# IN THE SUPREME COURT OF IOWA

No. 11 / 06-0761

Filed March 21, 2008

**GAYLIN R. RANNIGER** and
**JANET L. RANNIGER**,

 Appellants,

vs.

**IOWA DEPARTMENT OF REVENUE AND FINANCE**,

 Appellee.

_____

 Appeal from the Iowa District Court for Crawford County, Richard J. Vipond, Senior Judge.

 Taxpayers appeal district court's affirmance on judicial review of agency's denial of taxpayers' protest of income tax assessment. **AFFIRMED.**

 James D. Lohman of Reimer, Lohman & Reitz, Denison, for appellants.

 Thomas J. Miller, Attorney General, and Valencia Voyd McCown, Assistant Attorney General, for appellee.

**TERNUS, Chief Justice.**

Appellants, Gaylin R. Ranniger and Janet L. Ranniger, protested an income tax assessment by the appellee, Iowa Department of Revenue and Finance, claiming entitlement to an exclusion from taxation on net capital gains from the sale of a business under Iowa Code section 422.7(21) (1999). The department denied the protest, concluding the taxpayers were not entitled to the capital-gains exclusion because Gaylin Ranniger's sale of his interest in an accounting partnership did not qualify as "the sale of a business" under the statutory definition of that term. *See* Iowa Code § 422.7(21). The district court affirmed the department's decision on judicial review. For the reasons that follow, we affirm the district court.

## I. Background Facts and Proceedings.

From 1978 until 1989, Gaylin Ranniger (Ranniger) practiced as a certified public accountant in a partnership with Morrie Heithoff. In 1989 the partnership entered into an agreement whereby the practice was sold and merged into Darrah & Company, P.C. (Darrah), a subchapter-S corporation. Ranniger and Heithoff became shareholders and employees of Darrah. On December 31, 1991, the merger between the partnership and Darrah was terminated upon Darrah's failure to make the payments required under the agreement. All assets that originated with the partnership were transferred back to the two partners.

The following day, on January 1, 1992, Ranniger sold his fifty-percent interest in the partnership to Heithoff, and Heithoff resumed operation of the accounting practice as a sole practitioner. Heithoff paid Ranniger for his share of the partnership in annual installment payments from 1992 through 2000.

The sale of Ranniger's fifty-percent interest in the partnership resulted in a capital gain to Ranniger and his wife, Janet. They claimed the Iowa capital-gains exclusion on their Iowa individual income tax returns for the years 1992 through 2000. The department denied the exclusion on the taxpayers' 1999 and 2000 Iowa returns and issued an assessment for additional taxes, penalty, and interest. The taxpayers protested the assessment, but their protest was denied by the director of the department. As noted earlier, this decision was affirmed on judicial review, and the taxpayers filed this appeal.

**II. Scope of Review.**

The scope of our review is determined by Iowa's Administrative Procedure Act, Iowa Code chapter 17A. *See Lange v. Iowa Dep't of Revenue*, 710 N.W.2d 242, 246 (Iowa 2006). Here, the taxpayers challenge the department's interpretation of section 422.7(21). Because the Department of Revenue and Finance has clearly been vested with discretion to interpret chapter 422, *see City of Sioux City v. Dep't of Revenue & Fin.*, 666 N.W.2d 587, 590 (Iowa 2003), we will reverse the department's interpretation of section 422.7(21) only if it was "irrational, illogical or wholly unjustifiable." Iowa Code § 17A.19(10)(*l*).

**III. Discussion.**

The taxpayers claim they were entitled to exclude from their taxable income the payments they received for the sale of the partnership interest. They rely on the exclusion allowed by section 422.7(21) for

> [n]et capital gain . . . from the sale of a business, as defined in section 422.42, in which the taxpayer was employed or in which the taxpayer materially participated for ten years, as defined in section 469(h) of the Internal Revenue Code, and which has been held for a minimum of ten years. *The sale of a business means the sale of all or substantially all of the tangible personal property or service of the business.*

Iowa Code § 422.7(21)(*a*)(1) (emphasis added). The director concluded the taxpayers were not entitled to this exclusion for several reasons, but we need only address one: the sale of the partnership interest was not "the sale of all or substantially all of the tangible personal property or service of the business." *Id.*

The department's decision to disallow the exclusion was consistent with its rule interpreting section 422.7(21), which provides in part:

> In situations in which substantially all the tangible personal property or service was sold *by a partnership, subchapter S corporation, limited liability company, estate or trust,* and the capital gains from the sale of the assets flow through to the owners of the business entity for federal income tax purposes, the owners can exclude the capital gains from their net incomes if the owners had owned the business for ten or more years and the owners had materially participated in the business for ten years prior to the date of sale of the tangible personal property or service, irrespective of whether the type of business entity changed during the ten-year period prior to the sale.
>
> . . . .
>
> Capital gains from the sale *of an ownership interest* in a partnership, limited liability company or other entity are not eligible for the capital gain exclusion.

Iowa Admin. Code r. 701—40.38(8) (emphasis added).

The taxpayers contend the department's interpretation of section 422.7(21) is too narrow. They rely on the statutory definitions of "business" and "person" to support their position. In 1999 and 2000, Iowa Code section 422.42 defined a "business" as "any activity engaged in by any person or caused to be engaged in by the person with the object of gain, benefit, or advantage, either direct or indirect." Iowa Code § 422.42(2) (now found at Iowa Code § 423.1(4) (2007)). The income tax division of chapter 422 defined "person" to "include[] individuals and fiduciaries." *Id.* § 422.4(14); *see also id.* § 422.42(11) (defining "person" to include "any individual, firm, copartnership, joint adventure,

association . . . or any other group or combination acting as a unit . . . ."). The taxpayers claim Ranniger's fifty-percent partnership interest was itself a "business" and, because Ranniger sold one hundred percent of that business, he qualified for the exclusion.

We do not accept the taxpayers' broad interpretation of section 422.7(21). The taxpayers contend "a more inclusive interpretation" than that adopted by the department is warranted because section 422.7(21) "is a remedial statute seeking to prevent an unjust Iowa income tax result due to the change in the method of the taxation of Federal capital gains." In addition to the absence of evidence of such a legislative intent, this argument suffers from a lack of support in Iowa law governing the interpretation of tax laws. Our cases require that exclusions from taxation be "construed strictly against the taxpayer and liberally in favor of the taxing body." *See Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue*, 301 N.W.2d 760, 762 (Iowa 1981); *accord Heartland Lysine, Inc. v. State*, 503 N.W.2d 587, 588–89 (Iowa 1993). The department's more narrow view of the statute is consistent with this rule of statutory interpretation; the taxpayers' expansive view is not.

Secondly, we agree with the observation of the district court that the legislature's use of the language "tangible personal property or service of the business" clearly reflected a focus on the sale of the tangible and intangible assets used in producing and marketing the business's products or services, not on the sale of corporate stock or partnership interests in the business. In the case before us, Ranniger was engaged in the activity of providing accounting services with the object of gain within the meaning of the statutory definition of "business." Accordingly, the department determined the "business" at issue for purposes of the capital-gains exclusion was the accounting

partnership, not solely Ranniger's ownership interest in that partnership. This determination was not irrational, illogical, or wholly unjustifiable.

Focusing, then, on the partnership, it is significant that under Iowa law "[a] partner is not a co-owner of partnership property and has no interest in partnership property which can be transferred, either voluntarily or involuntarily." Iowa Code § 486A.501. Thus, the sale of a partnership interest, such as that sold by Ranniger, is not the sale of any tangible personal property or service of the partnership. We conclude, therefore, that the department's ruling that Ranniger did not sell "all or substantially all of the tangible personal property or service of the business" so as to constitute "the sale of a business" under section 422.7(21) was not irrational, illogical, or wholly unjustifiable. *Id.* § 422.7(21).

Ranniger claims the department's interpretation of the capital-gains exclusion is inconsistent with the federal taxing scheme and "punishes the taxpayer for the form in which his or her business is operated." He asserts the legislature "clearly intend[ed] that federal law be used as the basis for determining what constitutes a capital asset."

We note that it is the province of the legislature to determine tax policy, and absent a successful constitutional challenge to a taxing statute, our role is to interpret the statute by giving effect to the plain meaning of the language chosen by the legislature. *Lange*, 710 N.W.2d at 247. With respect to section 422.7(21), the legislature did not expressly require the application of federal law in determining what constituted "capital gain . . . from the sale of a business," even though express reference to the Internal Revenue Code was made elsewhere in section 422.7(21) with respect to other aspects of this exclusion. Even more importantly, the legislature chose to define for itself what it meant

by "the sale of a business." As this court has observed many times in the past, "The legislature is its own lexicographer. So in searching for legislative intent, we are bound by what the legislature said, not by what it should or might have said." *Iowa Dep't of Transp. v. Soward*, 650 N.W.2d 569, 571 (Iowa 2002) (citations omitted). A review of what the legislature said in section 422.7(21) reveals no indication of a legislative intent that federal law govern whether a particular transaction results in a capital gain from "the sale of a business" under Iowa law. We think the department's straightforward interpretation of the legislature's definition of this phrase gave effect to the plain meaning of the statutory language as required by the rules of statutory construction.

## IV. Conclusion.

For the reasons discussed, we hold the department's interpretation of section 422.7(21) was not irrational, illogical, or wholly unjustifiable. Therefore, we affirm the judgment of the district court upholding the department's denial of the taxpayers' protest.

**AFFIRMED.**

All justices concur except Larson and Hecht, JJ., who take no part.