# IN THE SUPREME COURT OF IOWA

No. 07–1792

Filed August 21, 2009

**AOL LLC,**

Appellee,

vs.

**IOWA DEPARTMENT OF REVENUE,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Department seeks further review of the reversal of its determination that AOL is subject to state sales tax. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Thomas J. Miller, Attorney General, Marcia Mason and James D. Miller, Assistant Attorneys General, for appellant.

Bruce W. Baker of Nyemaster, Goode, West, Hansell & O'Brien, P.C., Des Moines, and Peter J. Brann, Martin I. Eisenstein and David Swetnam-Burland of Brann & Isaacson, Lewiston, Maine, for appellee.

**APPEL, Justice.**

This case involves the question of whether the State of Iowa may impose sales tax on internet services provided by America Online, LLC (AOL) to its Iowa customers. The parties disagree as to whether the applicable administrative rule requires the origin and terminus of the communication to occur in Iowa in order for AOL's gross receipts to be taxable and whether AOL's service met this requirement. While the department found AOL subject to state sales tax, the district court and the court of appeals disagreed. For the reasons stated below, the decision of the court of appeals is vacated and the district court judgment is affirmed.

## I. Background Facts and Proceedings.

AOL is a communication service provider that offered its Iowa members internet access, e-mail, instant messaging, and a variety of original content features. The essential operational features of AOL's internet service are not materially disputed. In order to obtain content, a member residing in Iowa must first place a call to a local telephone number through a modem-equipped computer. One of the cluster of modems at the local exchange (modem hotel) would answer the call and then forward a digital signal routed to one of AOL's data centers in Virginia through a private system controlled by AOL.

Before the customer in Iowa could receive any content from AOL, "authentication" of the customer's information must occur in Virginia. Once authentication is verified, the service commences through the connection of the Iowa customer's personal computer to the data centers in Virginia. AOL refers to this as the client/server connection. Any information that an AOL subscriber posted on AOL servers, the internet, or sent by e-mail would be routed through Virginia before it could be

accessed by any other user, including AOL members and any non-AOL members in Iowa. Additionally, any information sent to an AOL customer in Iowa must first be routed through Virginia before that information reached Iowa, even if that information originated in Iowa. Thus, without a connection between the user's computer in Iowa via AOL's local exchange to the AOL data center in Virginia, no services could be provided even for communications between two AOL members who both resided within the state.

At the time of this dispute, Iowa Code section 422.43(1) (1999) imposed a state sales tax on "the gross receipts from the sales, furnishing, or service of . . . communication service . . . when sold at retail in the state to consumers or users . . . ." The department promulgated Iowa Administrative Code rule 701—18.20 to enforce this statutory provision. The introduction to rule 18.20 and the definitions in section 18.20(1) provide:

> **701—18.20 . . . Communications services.** The gross receipts from the sale of all communication services provided in this state are subject to tax. . . .
>
> **18.20(1)** Definitions.
>
> *a.* Communication services shall mean the act of providing, for a consideration, any medium or method for, or the act of transmission and receipt of, information between two or more points. Each point must be capable of both transmitting and receiving information if "communication" is to occur. . . .
>
> *b.* Communication service is provided "in this state" only if both the points of origination and termination of the communication are within the borders of Iowa. Communication service between any other points is "interstate" in nature and not subject to tax.

The rule goes on to further address the taxation of internet services specifically:

**18.20(5)** Prior to July 1, 1999, charges for access to or use of what is commonly referred to as the "Internet" or charges for other contracted on-line services are the gross receipts from the performance of a taxable service if access is by way of a local or in-state long distance telephone number and if the predominant service offered is two-way transmission and receipt of information from one site to another as described in paragraph "*a*" of subrule 18.20(1). If a user's billing address is located in Iowa, a service provider should assume that Internet access or contracted on-line service is provided to that user in Iowa unless the user presents suitable evidence that the site or sites at which these services are furnished are located outside this state.

On June 14, 2001, the department issued an assessment on AOL's Iowa sales of communication services during the period from July 1, 1995 to December 31, 2000. In August, AOL filed a protest, but the matter was held in abeyance pending the outcome of a similar dispute involving AOL and Tennessee tax authorities. The Tennessee matter was settled after the Tennessee Court of Appeals ruled in favor of another company on similar issues. *See generally Prodigy Servs. Corp., Inc. v. Johnson,* 125 S.W.3d 413 (Tenn. Ct. App. 2003). The matter eventually came to an evidentiary hearing before an administrative law judge (ALJ) of the Iowa Department of Inspections and Appeals in late October 2005.

The ALJ issued a proposed decision concluding that the services provided by AOL were not subject to state sales tax. The ALJ analyzed the statutory and administrative framework surrounding the issue and concluded that under the department's own rules, AOL services amounted to an untaxable interstate service. The ALJ noted that while an Iowa resident might use his Iowa-based computer to initiate service and that the signal is transferred through the Iowa-based modem hotel to AOL, one could not conclude that the communication originated and terminated in Iowa. Simply put, the ALJ concluded that no service or communication was provided at the modem hotel in Iowa.

Communication occurred between the data center in Virginia and the user in Iowa.

The department appealed the ALJ's decision to its director, who reversed the ALJ's proposed decision. The director largely adopted the findings of fact made by the ALJ. The director concluded, however, that AOL's services were the result of a local call, regardless of the manner in which AOL connected the local call to its network. In addition, the director noted that the legislature amended the governing statute to exempt from sales tax "gross receipts from charges paid to a provider for access to on-line computer services." The director reasoned that this legislative change would be unnecessary if such services were not subject to tax in prior years. Finally, the director concluded that AOL charged an access fee, which was not dependent on the user actually utilizing the service, making it subject to state sales tax.

AOL filed a petition for judicial review. The district court overturned the agency's decision, finding it an irrational, illogical, and wholly unjustifiable application of law to fact. The district court concluded that only one point of communication occurred in Iowa, the other occurred at the AOL data center in Virginia. Because the department's administrative rule required that both points of communication occur within the state in order for sales tax to be assessed, the district court concluded that AOL services were not subject to the tax.

The department appealed. We transferred the case to the court of appeals. On appeal, the department argued that the definitions provided in section 18.20(1) did not apply to section 18.20(5) which specifically dealt with the taxation of internet services. Thus, there was no requirement that AOL services be provided "in this state" in order for it to

be subject to state sales tax. In the alternative, the department asserted that if the definitional section did apply, both points of communication occurred within the state. The court of appeals affirmed the district court, concluding that both the origin and the termination of the communication must occur within the state and that the communication at issue here "terminates" out of state. As such, AOL's services were interstate and not subject to state sales tax. The department sought further review.

## II. Standard of Review.

Our review of the two issues presented in this appeal is governed by the Iowa Administrative Procedure Act. The first inquiry involves the proper interpretation of the department's rule, specifically, what is meant by communication service provided "in this state" in Iowa Administrative Code rule 18.20 and whether this term, as properly interpreted, applies to limit taxation of internet access services described under section 18.20(5). The second inquiry is whether AOL, under the undisputed facts, provided taxable communication services in this state within the scope of the department's administrative rules.

An agency's interpretation of law is given deference if authority to interpret the law has "clearly been vested by a provision of law in the discretion of the agency." Iowa Code § 17A.19(10)(*l*) (Supp. 1999). If the interpretation is so vested in the agency, then the court may reverse an agency's interpretation only if it is "irrational, illogical, or wholly unjustifiable." *Id.* If, however, the interpretation of a provision of law is not vested in the discretion of the agency, our review is for correction of errors at law and we are free to substitute our interpretation of the statute de novo. *Id.* § 17A.19(10)(*c*); *Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 589–90 (Iowa 2004).

The legislature has provided that the Director of the Iowa Department of Revenue shall have the power to promulgate "rules not inconsistent with the provisions of this chapter, necessary and advisable for its detailed administration and to effectuate its purposes." Iowa Code § 422.68(1) (1999). In light of this language, we have concluded that the agency's interpretation of the statute as reflected in its administrative rules is a power that has "clearly been vested" in the agency. *Ranniger v. Iowa Dep't of Revenue & Fin.*, 746 N.W.2d 267, 268 (Iowa 2008). As a result, rules promulgated by the department will be found invalid only if they are "irrational, illogical or wholly unjustifiable." *Id.*

AOL does not challenge the general proposition that the director has broad authority to promulgate rules that the director finds consistent with the governing statute. Indeed, AOL does not make any claim that the applicable rules in this case are invalid. Instead, AOL argues that broad authority to *promulgate* rules consistent with the statute is not the same as the issue presented in this case, namely, whether the director is vested with authority to *interpret* the rules. As a result, AOL argues that the director's interpretation of the rules is not entitled to deference under Iowa Code section 17A.19(10)(*c*) (Supp. 1999).

In this case, it is not necessary to decide the question of whether the director's interpretation of the department's rules is entitled to deference. As will be seen below, we conclude that the director's interpretation fails to meet even the most deferential standard of review.

Once we have resolved proper interpretation of the applicable administrative rules, we must next consider the application of law to the established facts. Factual determinations of the agency must be affirmed by a reviewing court if they are supported by substantial evidence. Iowa Code § 17A.19(10)(*f*). The application of law to the established facts can

be reversed only if the application is "irrational, illogical, or wholly unjustifiable . . . ." *Id.* § 17A.19(10)(*m*).

**III. Discussion.**[1]

**A. Proper Interpretation of Administrative Regulations.** The parties disagree as to whether the definition of a communications service provided "in this state" in Iowa Administrative Code rule 18.20(1)(*b*) applies to the taxation of internet services as described under rule 18.20(5). The department argues that rule 18.20(5) is a stand-alone provision and that the definitions do not apply to this subsection. Thus, according to the department, the question of the taxation of AOL's services may be made without considering whether AOL provided a "[c]ommunications service . . . 'in this state'" as defined by rule 18.20(1)(*b*). AOL urges us to apply the plain meaning of the administrative rule without engaging in the legal jujitsu employed by the department to escape it.

We agree with AOL. Definitions are a common part of the legal landscape. *Ranniger*, 746 N.W.2d at 270 (noting that the legislature may be its own lexicographer). The very purpose of putting the definitions at the beginning of a statute, contract, or rule is to establish the framework for the proper interpretation of subsequent provisions. When an agency elects to be its own lexicographer, persons are entitled to rely upon the established definitions. An agency simply cannot assert a "King's X" defense when unambiguous definitions prove too tight or too loose. If the department did not intend the definitions of rule 18.20(1)(*b*) to apply to a subsequent subsection in the same rule regarding internet sales, the

---

[1]On appeal AOL raises a number of other arguments, including federal preemption, in support of its claim to be immune from state sales tax. Due to our disposition on the proper interpretation of the department's rule, we do not address these additional arguments.

department should have either removed the internet access provision from the rule to escape its definitional tentacles or expressly severed them by stating that the generally applicable definitions did not apply to internet services. The department did neither.

We further note that the phrase "in this state" in rule 18.20(1)(*b*), which the department now seeks to escape, is also found in the preface to rule 18.20, which broadly states, "The gross receipts from the sale of all communication services provided in this state are subject to tax." The use of the phrase "in this state" in the general introduction to rule 18.20 further demonstrates that the concept has general applicability throughout the subsequent provisions of the rule.

The department suggests that the enactment of Iowa Code section 422.45(56) (2001) by the legislature, which specifically exempted internet access charges from state sales tax, demonstrates that internet services were previously subject to tax. Under AOL's interpretation, therefore, this legislative action would be meaningless.

We do not agree. The subsequent legislation exempted all receipts from the sale of access to online services largely after the period relevant to this dispute. Thus, our holding in this case does not render the legislative action redundant. Further, to the extent the subsequent legislation does have a bearing on the issues in this case, it does not offer much support for the department's position. It is not unusual for the legislature to enact clarifying legislation in response to an ongoing dispute with an agency. 1A Norman J. Singer, *Statutes & Statutory Construction* § 22:31, at 379–80 (6th ed. 2002).

In conclusion, we hold it is "illogical, irrational, and wholly unjustifiable" for the department to determine that the definitions in rule 18.20(1)(*b*) do not apply to subrule (5). There is simply no "play in the

joints" of the rule sufficient to allow the department to escape the rule's plain meaning and overall structure. *Cf. Marovec v. PMX Indus.*, 693 N.W.2d 779, 785 (Iowa 2005) (discussing a situation where agency rules and statutory law granted the agency enforcement discretion). Thus, we hold that the definition of "in this state" found in rule 18.20(1)(*b*) is fully applicable in determining whether AOL services are subject to state sales tax.

**B.  Application of Administrative Rules to AOL.**  The parties adopt fundamentally different approaches to the application of rule 18.20 to the facts of this case.  The department stresses that access to AOL is triggered by a local call to the switch or modem hotel also located within Iowa.  The department then reasons that gaining access to AOL through its access fee is an *intrastate* transaction subject to sales tax.  AOL counters that regardless of the point of access, no communication service is provided as a result of the Iowa access.  Without the Virginia computer system, no communication service is provided at all.

In order for AOL to prevail, it must show that the department's application of law to the facts of this case is "an irrational, illogical, or wholly unjustifiable application of law to fact . . . ."  Iowa Code § 17A.19(10)(*m*) (Supp. 1999).  We conclude that AOL has met this demanding burden.

In this case, the access points located in Iowa do not amount to the provision of an intrastate "communication service" subject to tax.  A "[c]ommunication service . . . 'in this state,'" according to rule 18.20(1)(*b*), involves both the transmission and receipt of information. The record in this case demonstrates that for AOL members, the transmission and receipt of information does not occur wholly within Iowa.  No information is transmitted to Iowa until a member's account

has been authenticated in Virginia. It is undisputed that if the plug is pulled on the Virginia computer, Iowa AOL customers access no information of any kind. Under these undisputed facts, it cannot be maintained that AOL's communication service is intrastate when, without the Virginia connection, the user gets nothing. As a result, there is no rational, logical or justifiable basis for imposing state sales tax on AOL under the applicable rule.

We note that our conclusion is consistent with the case law in other jurisdictions. For example, in *Qwest Corp. v. State ex rel. Wyoming Department of Revenue,* 130 P.3d 507, 515 (Wyo. 2006), the Wyoming Supreme Court characterized the issue as whether the "complete end-to-end" communication occurs within the taxing state, prior to finding the disputed service an interstate communication service. Although the regulatory framework in Iowa is not identical to that in Wyoming, the similarities are sufficient to provide support for our conclusion in this case.

**IV. Conclusion.**

For the reasons expressed above, the decision of the court of appeals is vacated and the district court judgment is affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**