# IN THE COURT OF APPEALS OF IOWA

No. 14-1144
Filed September 10, 2015

GEORGE M. LANCE and
PHYLLIS J. LANCE,
    Petitioners-Appellants,

vs.

IOWA STATE BOARD OF
TAX REVIEW,
    Respondent-Appellee.

_____

    Appeal from the Iowa District Court for Johnson County, Robert E. Sosalla, Judge.

    Taxpayers appeal notice of assessment for additional tax, penalty, and interest. **AFFIRMED.**

    Sean W. Wandro of Meardon, Sueppel & Downer, P.L.C., Iowa City, for appellants.

    Thomas J. Miller, Attorney General, Hristo Chaprazov and Valencia Voyd McCown, Assistant Attorneys General, and Donald D. Stanley Jr., Special Assistant Attorney General, for appellee.

    Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

In this administrative appeal, George and Phyllis Lance challenge the Notice of Assessment issued by the Iowa Department of Revenue after the department disallowed a capital gain deduction for the taxpayers for the tax year ending December 31, 2005. The Iowa State Board of Tax Review affirmed the notice of assessment. The district court affirmed the agency's action. We conclude this appeal is largely resolved by the applicable standards of review, and we affirm the judgment of the district court.

I.

In 1981 the Lances bought a rooming house in Iowa City locally known as the Lindsay House, which they used as a rental property. From 1981 to 1994, the Lances personally managed all aspects of the business. In 1994 the Lances contracted with Lincoln Real Estate to manage the property, including advertising vacancies, screening potential tenants, preparing lease agreements, collecting rent and security deposits, arranging for basic cleaning and maintenance, and serving as the first contact for tenants. Although Lincoln managed the day-to-day operation of the Lindsay House, George continued to pay bills, performed some maintenance, drove by to inspect the property, oversaw major repairs and renovations, interfaced with city inspectors, and approved major expenditures. George kept a record of the bills paid in an expense ledger. He did not keep contemporaneous calendar, time, or activity logs.

In 2005, the Lances sold the Lindsay House to River City Housing Cooperative. The Lances realized a capital gain and claimed a capital gain

deduction on their Iowa individual income tax return for the tax year ending 2005. The department disallowed the capital gain deduction. In April 2009, the department issued a Notice of Assessment for $40,742.33, which included additional tax, penalty, and interest. The Lances timely protested the assessment.

The fighting issue between the Lances and the department is the interpretation and application of Iowa Code section 422.7(21) (2005) and Iowa Administrative Code rule 701-40.38(1) (2005). These provisions allow the taxpayer to deduct net capital gain in computing the taxpayer's adjusted gross income under certain circumstances.

> Net capital gain from the sale of real property used in a business, in which the taxpayer materially participated for ten years, as defined in section 469(h) of the Internal Revenue Code, and which has been held for a minimum of ten years, or from the sale of a business, as defined in section 423.1, in which the taxpayer was employed or in which the taxpayer materially participated for ten years, as defined in section 469(h) of the Internal Revenue Code, and which has been held for a minimum of ten years. The sale of a business means the sale of all or substantially all of the tangible personal property or service of the business.

Iowa Code § 422.7(21)(a)(1). The department has interpreted this provision to allow a deduction only when the taxpayer materially participated in the business for at least the ten-year period immediately preceding the sale of the real property at issue:

> Material participation in a business if the taxpayer has been involved in the operation of the business on a regular, continuous, and substantial basis for ten or more years at the time assets of the business are sold or exchanged. If the taxpayer has regular, continuous and substantial involvement in the operations of a business which meets the criteria for material participation in an activity under Section 469(h) of the Internal Revenue Code and the

federal tax regulations for material participation in 26 CFR §1.469-5 and §1.469-5T, for the ten years prior to the date of the sale or exchange of the assets of a business, the taxpayer shall be considered to have satisfied the material participation requirement for this subrule.

Iowa Admin. Code r. 701-40.38(1). The Lances contend the department's interpretation, as set forth in the regulation, is contrary to the statute, which only requires the taxpayer materially participate in the business for any ten-year period during the period of ownership. The Lances also contend that even if the department's interpretation is correct, they did materially participate in the business during the ten-year period preceding the sale of the Lindsay House.

The taxpayers' protest came on for hearing before an administrative law judge. The administrative law judge considered both the challenge to the department's interpretation of Iowa Code section 422.7(21) and the Lances' contention they participated materially in the business during the relevant time period. The administrative law judge found in favor of the taxpayers, concluding:

> The taxpayers submitted sufficient evidence to prove that they participated in activity related to this business for more than 100 hours each year and that no other individual spent more time in the business activity than they did. Therefore, the taxpayers have established that material participation during the ten years immediately before sale of the property. *See* 701 Iowa Admin. Code 701-40.38(1)(e)(3).[1] They were entitled the capital gain deduction for net proceeds from the sale that they claimed in 2005 and the Department erred in disallowing the deduction.

---

[1] Iowa Administrative Code rule 701-40.38(1) provides, in relevant part:
> e. Generally, an individual will be considered as materially participating in a tax year if the taxpayer satisfies or meets any of the following tests:
> . . . .
> (3) The individual participates in the business for more than 100 hours in the tax year, and no other individual spends more time in the business activity than the taxpayer.

Because the administrative law judge concluded the Lances materially participated in the business in the ten years immediately preceding the sale of the Lindsay House, the administrative law judge did not have to resolve the challenge to the department's interpretation of section 422.7(21).

The department appealed the administrative ruling. The acting director considered both the challenge to the department's interpretation of the code and the Lances' contention they materially participated in the business for the relevant time period. Concerning the department's interpretation of section 422.7(21), the acting director noted section 422.68(1) gives the director "the power and authority to prescribe all rules not inconsistent with the provisions of this chapter, necessary and advisable for its detailed administration and to effectuate its purposes." The acting director concluded "the authority to interpret Iowa Code section 422.7(21)(a)(1) is clearly vested with the Department." Comparing federal law concerning material participation, the acting director concluded:

> These sections provide for specific time periods when determining whether a taxpayer meets the material participation requirements for federal tax purposes. Under Internal Revenue Code section 1.469-5T(a)(5), a taxpayer will be deemed to materially participate in the current tax year if he materially participated in the business for five *of the last ten years*. Under subsection 469(h) and the federal regulations for material participation in 26 CFR § 1.469-5T, the federal law does not generally look further than *the ten years immediately preceding the current tax year*. Based on the foregoing, limiting the look back period to the immediate prior ten years is not irrational, illogical nor wholly unjustifiable.

(Emphasis added.) Concerning the hours of participation claimed by the Lances, the acting director concluded:

Neither the taxpayer nor Lincoln maintained contemporaneous documentation of actual or estimated hours based upon the performance of services. While documentation can be established by other reasonable means an estimate based primarily upon recollection seems particularly unreliable. The taxpayers initially estimated 520 hours or participation annually and estimated the participation of the property manager at 312 hours annually. This was later changed to 194 hours and 111 hours respectively. This exceptionally wide range of estimated hours by itself significantly reduces the confidence level in the accuracy of the estimate and reasonably brings into question whether the management company or the taxpayer spent more time in the business activity. This is the sort of guesstimate prepared after the fact that courts have found to be insufficient to establish the hours of time required to meet the standard of material participation, and is not considered to be a reasonable means to establish an individual's participation in an activity.

The acting director concluded both that the department "did not exceed its authority in limiting the look back period to the ten years immediately prior to sale of the property" and the taxpayers did not present sufficient evidence to show they met the material participation requirement in section 422.7(21)(a)(1).

The Lances appealed to the State Board of Tax Review. The board affirmed the acting director's ruling. The board held the Lances failed to "meet the burden of proof to show material participation according to Iowa Code § 422.7(21)(a)(1)."

The Lances sought judicial review of the board's ruling. The district court concluded the phrase "materially participated for ten years" in section 422.7(21) was "neither clear nor unmistakable"; the department had the authority and expertise to interpret the statute; and the department's interpretation was "not irrational, illogical, or unjustifiable." Concerning whether the Lances materially participated in the business during the last ten years of ownership, the district court concluded there was substantial evidence in the record to affirm the

agency's decision, there was a basis for the agency's conclusion the Lance's method of approximating hours of participation was unreasonable, and George's "characterization of his activities on the rental properties provided a basis for the agency to conclude that much of his participation was not related to the rental business." The Lances timely filed this appeal.

## II.

Judicial review of agency decisions is governed by the Iowa Administrative Procedure Act ("IAPA"), Iowa Code chapter 17A. *See Iowa Med. Soc'y v. Iowa Bd. of Nursing*, 831 N.W.2d 826, 838 (Iowa 2013). We apply the standards set forth in section 17A.19(10) and determine "whether our application of those standards produce[s] the same result as reached by the district court." *See Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 589 (Iowa 2004). If so, we affirm. If not, we reverse.

## A.

We first address the interpretive question presented. The parties dispute whether Iowa Code section 422.7(21) requires material participation for any ten-year period coinciding with ownership or whether it requires material participation for the ten-year period immediately preceding the sale of the property at issue. The Lances contend the language "materially participated for ten years" in section 422.7(21)(a)(1) is clear and unambiguous and simply requires a taxpayer to participate materially for any ten-year period coinciding with ownership. The Lances contend the agency's interpretation of the statute is not entitled to any deference. The department contends the language is not clear and

unambiguous. The department further contends that it has been vested with discretion to interpret the statute and that its interpretation is entitled to deference.

Where the question concerns whether the agency correctly interpreted a statute, our level of scrutiny depends on whether the legislature has vested the agency with interpretive authority. Where the legislature has not vested the agency with interpretive authority, we afford the agency no deference in its legal interpretations. *See NextEra Energy Res. L.L.C. v. Iowa Utils. Bd.*, 815 N.W.2d 30, 37 (Iowa 2012); *Doe v. Iowa Dep't of Human Servs.*, 786 N.W.2d 853, 857 (Iowa 2010). Where the legislature has given the agency authority to interpret a statute, we review only to determine whether the agency's interpretation is "irrational, illogical, or wholly unjustifiable." Iowa Code § 17A.19(10)(*l*), (m). Iowa Code section 422.68 gives the department rulemaking authority "necessary and advisable for [chapter 422's] detailed administration and to effectuate its purposes." "Given the broad language of the enabling statute, the scope of the department's authority is expressly comprehensive." *City of Sioux City v. Iowa Dep't of Revenue & Fin.*, 666 N.W.2d 587, 589 (Iowa 2003). The department has "clearly been vested with discretion to interpret chapter 422." *Ranniger v. Iowa Dep't of Revenue & Fin.*, 746 N.W.2d 267, 268 (Iowa 2008). Thus, "we will reverse the department's interpretation of section 422.7(21) only if it was 'irrational, illogical or wholly unjustifiable.'" *Id.* (quoting Iowa Code § 17A.19(10)(*l*)).

We conclude the agency's interpretation of the statute is not irrational, illogical, or wholly unjustifiable. We begin our analysis with the language of the statute. The goal when construing a statute is to determine legislative intent. *NextEra Energy Res. L.L.C.*, 815 N.W.2d at 39. If the statutory language is plain and unambiguous, no construction is necessary. *See Sierra Club v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 644 (Iowa 2013). "A statute is ambiguous when reasonable persons could disagree as to its meaning." *Naumann v. Iowa Prop. Assessment Appeal Bd.*, 791 N.W.2d 258, 261 (Iowa 2010). Section 422.7(21) allows for a deduction for the "[n]et capital gain from the sale of real property used in a business, in which the taxpayer materially participated for ten years." While there is nothing in the statutory text requiring the taxpayer materially participate in the business for the ten-year period preceding the sale, there is also nothing in the statute precluding such an interpretation. There is also nothing in other sections of the code precluding the agency's interpretation. The phrase "for ten years" appears in thirteen sections of the Iowa Code.[2] In none of those sections is the agency's interpretation precluded. In short, there is no contra definition in the text of the statute or other provisions of the code that disallows the agency's interpretation.

Several other considerations support our conclusion. First, the agency's interpretation is in harmony with the Internal Revenue Code. *See* 26 U.S.C. § 469(h) (defining "material participation" as involvement "in the operations of the

---

[2] Iowa Code §§ 10A.108, 96.14, 124C.4, 256.44, 299.24, 303.3B, 321.18A, 422.7, 422.26, 424.11, 622.30, 650.10, 650.14.

activity on a basis which is—regular, continuous, and substantial"); 26 C.F.R. §§ 1.469-5T. Section 1.469-5T(a) provides a person

> shall be treated, for purposes of section 469 and the regulations thereunder, as materially participating in an activity for the taxable year if and only if— . . . (5) The individual materially participated in the activity (determined without regard to this paragraph (a)(5)) for any five taxable years (whether or not consecutive) during *the ten taxable years that immediately precede* the taxable year.

Second, tax exemptions are strictly construed against taxpayers and liberally in favor of the department. *See Ranniger*, 746 N.W.2d at 269 (affirming the department's construction of the phrase "sale of a business" in section 422.7(21)). Third, the legislature has acquiesced to the agency's interpretation for the statute for a long time. *See City of Sioux City*, 666 N.W.2d at 592 (considering the legislature's inaction as tacit approval of the department's interpretation). Here, the agency's interpretation of the statute set forth in rule 701-40.38 was adopted in 1990. The legislature has not countermanded the agency's interpretation for twenty-five years. *See Marion v. Iowa Dep't of Revenue & Fin.*, 643 N.W.2d 205, 207-08 (Iowa 2002) ("Our views as to the meaning of the statute are strengthened by the fact that the agency rule has existed for nearly seventeen years.").

For the foregoing reasons, we conclude the agency's interpretation of the statute set forth in rule 701-40.38 was not irrational, illogical, or wholly unjustifiable.

### B.

The Lances contend even if the department's interpretation is correct, they met the material participation standard. Specifically, the Lances contend they

spent more than 100 hours per year managing the property and no one else spent more time. *See* Iowa Admin. Code r. 701-40.38(c)(3) (providing an individual is considered as materially participating if the individual "participates in the business for more than 100 hours in the tax year and no other individual spends more time in the business activity than the taxpayer"). We review the agency's findings to determine if they are supported by substantial evidence. *See Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 391 (Iowa 2009). "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1).

The department's ruling contains two determinations pertinent to the question presented. First, the agency concluded the Lances' evidence of the number of hours worked over the relevant time period was not credible. The agency's credibility determination was based largely on two key points. First, the agency concluded the evidence presented in this particular case was not credible because of the large revisions in the estimates. Second, the agency concluded the type of guesstimate the Lances made here was not a "reasonable means" to prove the number of hours worked over the relevant time period. *See* 26 C.F.R. § 1-469.5T(f)(4) (providing "reasonable means" to prove participation "may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such

services during such period, based on appointment books, calendars, or narrative summaries"); *Goshorn v. Comm'r of Internal Revenue*, T.C. Memo. 1993-578, 1993 WL 500167, at *3 (U.S. Tax Ct. 1993) ("[W]hile the regulations are somewhat ambivalent concerning the records to be maintained, they by no means allow the type of post-event ballpark guestimate that petitioner used."). We will not disturb the agency's credibility determination. *See Arndt v. City of LeClaire*, 728 N.W.2d 389, 394–95 (Iowa 2007) (noting it is the agency's duty as the trier of fact, not the reviewing court, to determine the credibility of the witnesses, to weigh the evidence, and to decide the facts in issue).

The agency also made a second finding of great importance. The agency found that most of the Lances' management activities were "investor-type activities" and should thus not be counted for the purposes of determining whether the Lances met the material participation requirement.

> Mr. Lance's testimony reflects a complicated relationship with Lincoln. However, the "Management Agreement" executed on November 11, 1998 (Exhibit D) assigns the management role to Lincoln as the "*owner's exclusive agent to manage, rent, lease and operate the property* known as 935 E. College St. Iowa City." The contractual roles of the two parties *clearly vest the day-to-day management and operation of the Lindsay House in Lincoln*. In this light the financial records maintained by Mr. Lance, including the payment of bills presented by Lincoln or generated through Lincoln's activities, the reconciliation of rent collected by Lincoln, and the maintenance of records for tax purposes represent investor-type activities.

(Emphasis added.)

We conclude this finding is supported by substantial evidence. Rule 1.469-5T(f)(2)(ii)(A) provides, "Work done by an individual in the individual's capacity as an investor in an activity shall not be treated as participation in the

activity for purposes of this section unless the individual is directly involved in the day-to-day management or operations of the activity." Work done by an individual as an investor includes:

> (1) Studying and reviewing financial statements or reports on operations of the activity; (2) Preparing or compiling summaries or analyses of the finances or operations of the activity for the individual's own use; and (3) Monitoring the finances or operations of the activity in a non-managerial capacity.

26 C.F.R. § 1.469-5T(f)(2)(B)(ii)(B)(1)-(3); *see also Estate of Stangeland v. Comm'r of Internal Revenue*, T.C. Memo. 2010-1856, 2010 WL 3239191 (U.S. Tax Ct. 2010). In this case, the Lances' activities, after entering into the management agreement with Lincoln, largely consisted of paying bills and maintaining financial records related to their investment in the property. Indeed, the Lances' contract with Lincoln explicitly vested the day-to-day management of the property to Lincoln. While the evidence might support a different finding, on substantial evidence review, we only review to determine if the evidence supports the finding actually made. It does.

III.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**