# IN THE COURT OF APPEALS OF IOWA

No. 23-1529
Filed December 4, 2024

**WILLIAM L. CLARK, BARBARA CLARK, BARRY BENGTSON and PATRICIA BENGTSON,**
        Petitioners-Appellants,

**vs.**

**IOWA DEPARTMENT OF REVENUE,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

Taxpayers appeal the district court's order affirming the Iowa Department of Revenue's decision to disallow a capital-gains deduction. **AFFIRMED.**

William M. Reasoner, Ronald L. Mountsier, and Cody J. Edwards of Dickinson, Bradshaw, Fowler & Hagen, P.C., Des Moines, for appellants.

Brenna Bird, Attorney General, and Katherine Penland, Assistant Attorney General, for appellee.

Heard by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

This is a tax dispute over Iowa's capital-gains deduction. On their respective, personal 2016 Iowa income-tax returns, two business partners—William Clark and Barry Bengtson—sought to deduct capital gains from the sale of goodwill generated apart from the sale of their insurance agencies. As each partner filed jointly with their respective spouses, the spouses also sought the benefit of the deduction.

The Iowa Department of Revenue disallowed the deduction, so the Clarks and Bengtsons separately filed protests with the department. After a consolidated hearing before an administrative law judge and a consolidated intra-agency appeal to the department director, the department upheld the disallowance of the deductions. The Clarks and Bengtsons (collectively "the taxpayers") separately filed petitions for judicial review of the agency decision. As the two petitions for judicial review raise identical issues, the district court consolidated the two petitions into this one proceeding and affirmed the department's decision. The taxpayers appeal.

## I.    Background Facts and Prior Proceedings

The taxpayers and department agree with this recitation of the facts found by the director in the intra-agency appeal[1]:

> Taxpayers were in the insurance business. Taxpayers formed Rowles, Hayes, and Carney Agency, Inc. (RHC) in 1977 to start their own insurance business. Later, Taxpayers purchased Beverly Reed Insurance Agency, Inc. (BRI) in 1979 which was mostly run through RHC and through the work of RHC employees. Taxpayers were the

---

[1] The district court's ruling on judicial review block quoted this language from the director's final order, and the appellants refer to that block quote in their statement of facts.

sole owners of both corporations (RHC and BRI), each owning 50% of each corporation.  Taxpayers also worked as employees of RHC.  They were not employees of BRI but the business of BRI was mainly conducted through RHC.

During their time as employee-owners of RHC and BRI (collectively the "Agencies")[,] Taxpayers engaged in the administration and management of the Agencies and in sales, customer relations, and sales-related activities.  Taxpayers spent approximately ten hours a week on administration and management of the Agencies, thirty hours per week on sales and customer relations, and fifteen to twenty hours per year on ownership activities for the Agencies.  During the ten years preceding the sale of the Agencies, Mr. Clark was involved with the running of a hotel for two years.  Throughout his time at the hotel his time spent with the Agencies for administration and management was approximately three to four hours a week and his time spent engaging in sales, customer relations, and sales-related activities was approximately nine to ten hours per week.  Mr. Bengtson testified that all of the time spent working for RHC was also spent generating goodwill and there was no separate time spent solely on generating goodwill.  Mr. Clark also testified that almost everything he did as an employee for RHC was for the development of goodwill and he could not delineate time spent solely on cultivating goodwill from time spent doing other activities as an employee.  Taxpayers do not show separate and distinct activities or claim separate time spent on the generation of goodwill outside of that spent in connection with the Agencies.

In 2016, the Agencies were sold to TN RHC, L.C. through an asset sale.  Simultaneously, Taxpayers each individually sold goodwill to TN RHC, L.C.  The Agencies were not parties to the purchase agreements for the sale of goodwill.  Throughout their employment with RHC, Taxpayers did not have non-compete agreements with the Agencies.  As part of the sale of goodwill to TN RHC, L.C., Taxpayers each signed a non-compete agreement with TN RHC, L.C.  Taxpayers each received $525,000 for the sale of their goodwill[,] which Taxpayers claimed as a capital gain deduction on their respective 2016 tax returns.  The Department disallowed these deductions and adjusted the Taxpayers['] returns accordingly.  The Department then assessed taxpayers for the additional tax, penalty, and interest resulting from the disallowance of the capital gain deductions.

(Internal citations omitted.)

Ultimately, the director ruled against the taxpayers and determined they did not qualify for the capital-gains deduction because the sale of their goodwill did not

amount to the sale of a business. *See* Iowa Code § 422.7(21) (2016). The taxpayers then sought judicial review. Following oral arguments, the district court agreed with the director and dismissed their petitions for judicial review.[2] The taxpayers appeal, claiming they were in "the business of providing services as an employee" and when they sold their goodwill it amounted to the sale of their businesses entitling them to take the capital-gains deduction.

## II.     Scope and Standard of Review

Iowa Code chapter 17A (2022) governs our review of this agency action. *Christensen v. Iowa Dep't of Revenue*, 944 N.W.2d 895, 899 (Iowa 2020). Under this chapter, "[t]he deference owed to an agency's interpretation of a statute depends on whether 'interpretation of a provision of law' has, or has not, 'clearly been vested by a provision of law in the discretion of the agency.'" *Id.* at 899–90 (citation omitted). The department "has clearly been vested with discretion to interpret chapter 422, [so] we will reverse the department's interpretation of section 422.7(21) only if it was 'irrational, illogical or wholly unjustifiable.'" *Ranniger v. Iowa Dep't of Revenue & Fin.*, 746 N.W.2d 267, 268 (Iowa 2008) (internal citation omitted) (interpreting what constituted the "sale of a business" under section 422.7(21)(a)(1)); *see* Iowa Code § 17A.19(10)(*l*); *cf. Christensen*, 944 N.W.2d at 900–04 (interpreting what constituted "material participation" under section 422.7(21)(a)(1)). That said, "[e]ven considering the deference given 'to the agency's interpretation, the meaning of a statute is always a matter of law for us

---

[2] The record transmitted to the district court did not include any audio recording or transcript of the hearing before the administrative law judge. As the district court received no recording or transcript on judicial review, this court did not receive any audio recording or transcript of the hearing on appeal.

to determine.'" *Christensen*, 944 N.W.2d at 904 (citation omitted). With respect to "[f]actual determinations—including application of the law to specific factual situations—have been clearly vested in the director." *Id.* "We therefore consider whether the director's application of law to the facts of this case was irrational, illogical, or wholly unjustifiable." *Id.*

## III. Discussion

At the core of this dispute is Iowa Code section 422.7(21)(a)(1) (2016), which, in relevant part, permits taxpayers to deduct the following when calculating their net incomes:

> Net capital gain from the sale of real property used in a business, in which the taxpayer materially participated for ten years, as defined in section 469(h) of the Internal Revenue Code, and which has been held for a minimum of ten years, or from the sale of a business, as defined in section 423.1,[3] in which the taxpayer materially participated for ten years, as defined in section 469(h) of the Internal Revenue Code, and which has been held for a minimum of ten years. The sale of a business means the sale of all or substantially all of the tangible personal property or service of the business.

The director aptly broke down section 422.7(21)(a)(1) into these four requirements for a taxpayer to take a capital-gains deduction:

1. The capital gain must be "from the sale of a business, as defined in section 423.1";

2. The taxpayer must sell "all or substantially all of the tangible personal property or service of the business";

---

[3] Section 423.1(6) defines business as, "any activity engaged in by any person or caused to be engaged in by the person with the object of gain, benefit, or advantage, either direct or indirect."

3. The taxpayer must have held the business, as determined under Internal Revenue Code section 1223, for at least ten years at the time of the sale; and

4. The taxpayer must have materially participated in the business, as defined in Internal Revenue Code section 469(h), for at least ten years at the time of the sale.

Iowa Administrative Code rule 701-40.38(3) interprets and implements section 422.7(21)(a)(1), explaining:

> Net capital gains from the sale of assets of a business are excluded from an individual's net income to the extent that the individual had held the business for ten years or more and had materially participated in the business for ten or more years. In addition to the time held and material participation qualifications for the capital gain deduction, the owner of the business must have sold substantially all of the tangible personal property or service of the business in order for the capital gains to be excluded from taxation.

The rule goes on to explain that "'service of the business' means intangible assets used in the business or for the production of business income which, if sold for a gain, would result in a capital gain for federal income tax purposes" and includes goodwill among other things. Iowa Admin. Code r. 701-40.38(3)(d).

With these Code sections and rules as our backdrop, we review the taxpayers' appellate claims. When doing so, we are cognizant of the fact that statutory tax exemptions are construed against taxpayers and in favor of taxation. *See Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue*, 301 N.W.2d 760, 762 (Iowa 1981). "Doubts are resolved against exemption." *Id.* at 762–63.

The parties agree that the goodwill sold by the taxpayers was owned by them personally. The rub stems from the taxpayers' contention that, as they

worked for the insurance agencies they owned and operated, they also engaged in the separate "business" of being an employee and cultivated personal goodwill. They reason that this business of being an employee was sold when they sold all their respective goodwill, meeting the requirements of section 422.7(21)(a)(1). Specifically, they argue the director erred in determining that providing services as an employee is not a "business" for purposes of the Iowa capital-gains deduction, the taxpayers failed to establish that the sale of the business partners' goodwill constituted a sale of their businesses, and the taxpayers failed to provide proof that they materially participated in their businesses of being employees. We are not persuaded by their arguments.

The taxpayers contend that providing services as an employee amounts to a business in itself. In making these claims, they point to federal caselaw interpreting a provision of the federal tax code. *See Groetzinger v. Comm'r of Internal Revenue*, 771 F.2d 269 (7th Cir. 1985); *Trent v. Comm'r of Internal Revenue*, 291 F.2d 669 (2nd Cir. 1961). The director correctly explained that these cases are not appliable to this case because they do not interpret Iowa tax law and specifically limit their scope to interpretation of specific federal tax provisions. As the director thoroughly and thoughtfully explained why these federal cases are not persuasive, we need not expand on the director's rationale. We agree with the director that the taxpayers have provided no rationale as to how providing services as an employee qualifies as a business.

Even if providing services as an employee can qualify as a business because, as the taxpayers point out, the applicable definition of business is broad, *see* Iowa Code § 423.1(6), it does not necessitate a finding of a separate business

of being an employee in this case. The taxpayers point to nothing to show that their actions that cultivated their personal goodwill were done as part of the separate business of being an employee rather than for the business of the insurance agencies, which they owned. Instead, everything they point to is evidence of their participation in the insurance agencies they separately sold. Nothing suggests that they were also engaged in separate and distinct businesses of being an employee. As the department explains, "the evidence here establishes that Taxpayers did not materially participate in any business other than the insurance agency business." We agree with this assessment.

The record contains no indicia of separate businesses of being an employee. Instead, the record contains evidence of the taxpayers' efforts to cultivate and nurture their insurance agency businesses. As the taxpayers carried out those efforts, they built up personal goodwill. They elected to sell their respective personal goodwill, which was their right. However, that goodwill was personal, not an asset of some separate business of being an employee.[4] So its sale did not amount to the sale of "the service of [a] business," making section 422.7(21)(a)(1) inapplicable. *See* Iowa Code § 422.7(21)(a)(1).

"[T]he director's application of law to the facts of this case [was not] irrational, illogical, or wholly unjustifiable." *See Christensen*, 944 N.W.2d at 904.

---

[4] At oral argument, the department explained that theoretically a person could sell their personal goodwill to their respective business of being an employee in exchange for a non-compete agreement to transform personal goodwill into an asset of the business of being an employee. Then, that business of being an employee could sell that goodwill asset to another company to qualify for the tax credit assuming all other requirements of section 422.7(21)(a)(1) were also met. But that didn't happen here.

As a result, we affirm the district court's dismissal of the taxpayers' petitions for judicial review.

**AFFIRMED.**