# IN THE SUPREME COURT OF IOWA

No. 09–0166

Filed July 2, 2010

**IOWA NETWORK SERVICES, INC.,**

    Appellant,

vs.

**IOWA DEPARTMENT OF REVENUE,**

    Appellee.

---

Appeal from the Iowa District Court for Polk County, Donna L. Paulsen, Judge.

Competitive long distance telephone provider seeks refund for sales and use tax paid on purchases of computer equipment. **AFFIRMED.**

Bruce W. Baker, Denise M. Ment, and Dwayne Vande Krol of Nyemaster, Goode, West, Hansell & O'Brien, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and James D. Miller, Assistant Attorney General, for appellee.

**APPEL, Justice.**

Iowa Network Services, Inc. (INS), a competitive long distance telephone provider, seeks a refund for sales and use taxes it paid on purchases of computer equipment over the course of several years. The Iowa Department of Revenue denied the refund. INS sought judicial review of the final agency action in the district court. The district court affirmed the decision of the department, and INS appealed. After a review of the record in this case, we affirm the decision of the district court.

## I. Factual and Procedural History.

INS is an Iowa telephone company with its principal place of business in West Des Moines, Iowa. As a long distance telephone provider, INS is required under Iowa Code chapter 433 (2003) to submit an annual report to the department. Because telephone companies operate in multiple parts of the state, their property is centrally assessed by the department.

Between October 1, 1998, and December 31, 2003, INS purchased computer equipment for use in its telephone business. The computer purchases were included in three standard, separate accounts—central office equipment, support computers, and other work equipment—maintained by the telephone industry. These accounts were submitted to the department as part of INS's annual report.

INS filed a claim with the department for a refund of sales and use taxes paid on these purchases. Iowa generally imposes a tax on the gross receipts from all sales of tangible personal property sold at retail in the state to consumers or users except as otherwise provided. In making its claim for refund, INS asserted that its purchases of computer equipment were exempt from sales and use tax under Iowa Code section

422.45(27)(*a*)(4), which provides that "[c]omputers used in the processing or storage of data or information by . . . [a] commercial enterprise" are exempted. The department denied the refund claim, and INS launched an administrative appeal.

An administrative law judge (ALJ) issued a proposed decision, denying INS's refund claim. While the ALJ recognized the tax exemption contained in Iowa Code section 422.45(27)(*a*)(4),[1] he found that this exemption did not apply as a result of Iowa Code sections 422.45(27)(*c*)(3) and 427A.1(1)(*h*). Under these provisions, the exemption from sales and use tax does not apply if the property is assessed by the department pursuant to Iowa Code chapter 433. Sections 422.45(27)(*c*)(3) and 427A.1(1)(*h*) create an exception to the exemption in section 422.45(27)(*a*)(4). Because INS is a competitive long distance telephone company, the ALJ determined that it was assessed pursuant to chapter 433, and, therefore, was not entitled to the exemption.

The ALJ supported this interpretation by noting that in 2006 the legislature enacted a new subsection that exempted the central office equipment of competitive long distance telephone companies from sales and use tax. 2006 Iowa Acts ch. 1162, § 1 (codified at Iowa Code § 423.3(47A)(*a*) (2007)). The ALJ asserted that this statute would have been unnecessary if such equipment had been previously exempt.

INS appealed to the director. The director largely adopted the findings and reasoning of the ALJ in denying INS's claim, with some expansions and modifications. The director specifically rejected the notion that an amendment, passed as part of the deregulation of the

---

[1]In 2003, the Iowa General Assembly passed the Streamlined Sales and Use Taxes Act. 2003 First Extraordinary Session Iowa Acts ch. 2, §§ 94–150. As a result, many of the code sections relevant to this opinion have been renumbered. Unless otherwise specified, all references are to the 2003 Code of Iowa.

Iowa telephone industry, removed competitive long distance telephone companies from the scope of chapter 433. The amendment's relevant language stated that after January 1, 1996, the director of revenue "shall assess" the property of a long distance telephone company "in the same manner as all other property assessed as commercial property by the local assessor" under various chapters of the Iowa Code. Iowa Code § 476.1D(10). According to the director, this provision simply provided the director with a method of valuation of property. The amendment did not alter the department's assessment authority under chapter 433. As a result, INS was not entitled to the sales and use tax exemption.

INS filed a petition for review of agency action with the district court. The district court affirmed the director's decision, and INS appealed.

## II. Standard of Review.

Although the parties agree that the Iowa Administrative Procedure Act, chapter 17A, governs our review of decisions of the Iowa Department of Revenue, they nevertheless dispute the proper standard of review. *See AOL LLC v. Iowa Dep't of Revenue*, 771 N.W.2d 404, 407–08 (Iowa 2009). The department asserts that as it has been vested with the authority to interpret Iowa Code chapter 422, its decision is entitled to deference and can only be overturned if it is irrational, illogical, or wholly unjustifiable. *See City of Sioux City v. Iowa Dep't of Revenue & Fin.*, 666 N.W.2d 587, 590 (Iowa 2003); Iowa Code § 422.68(1) (granting the department "the power and authority to prescribe all rules not inconsistent with the provisions of [chapter 422]").

While INS acknowledges the deference due the department in regards to chapter 422, it asserts that resolution of this case depends on the proper interpretation of Iowa Code section 476.1D(10), a portion of

the Code whose interpretation has not been vested in the department. To that extent, INS argues the department's decision should be reviewed for correction of errors of law.

Although the ultimate issue presented in this case is INS's entitlement to a tax exemption under chapter 422, resolution of that issue is dependent on the interplay between chapter 433 and section 476.1D(10). In order to select the proper standard of review, therefore, we must determine whether the department has been vested with the authority to interpret section 476.1D(10).

We recently discussed the analysis for determining whether an agency should be afforded deference in *Renda v. Iowa Civil Rights Comm'n,* 784 N.W.2d 8, 10–13 (Iowa 2010). First, we must determine whether the legislature has explicitly granted the agency authority to interpret the disputed statute or phrase. *Renda,* 784 N.W.2d at 11. Here, as in most cases, there is no such express grant of authority in section 476.1D(10). When the legislature has not explicitly vested authority in an agency to interpret a statute, we must examine "the phrases or statutory provisions to be interpreted, their context, the purpose of the statute, and other practical considerations to determine whether the legislature intended to give interpretive authority to an agency." *Id.* at 11–12.

We are not convinced that the legislature intended to vest in the department the authority to interpret section 476.1D(10). Section 476.1D(10) is part of chapter 476, a chapter of the Code dealing with public utility regulation. Neither the language nor the purpose of section 476.1D(10) evidences an intent by the legislature to vest authority in the department of revenue to interpret a section of the utilities code. Although the legislature vested authority in the department to interpret

much of chapter 422, we are not convinced that authority was intended to extend to all sections of the Code that tangentially relate to chapter 422. *See Lange v. Iowa Dep't of Revenue*, 710 N.W.2d 242, 247 (Iowa 2006). As a result, the director's decision is reviewable for correction of errors of law. Iowa Code § 17A.19(10)(*c*).

### III. Discussion.

**A. Competitive Long Distance Telephone Companies and Sales and Use Tax.** Iowa imposes a tax on the gross receipts from the sales of tangible personal property sold at retail in the state to consumers or users except as otherwise provided. *Id.* § 422.43(1). Sales and use tax exemptions are found in Iowa Code section 422.45. One of these exemptions exempts from taxation "[c]omputers used in processing or storage of data or information by an insurance company, financial institution, or commercial enterprise." *Id.* § 422.45(27)(*a*)(4). The computers purchased by INS from 1998 to 2003 qualify for this exemption.

Chapter 422 goes on, however, to provide for an exception to this exemption. The sole issue in this case is whether INS falls within the exception to the sales and use tax exemption. That exception provides:

> [T]he gross receipts from the sale or rental of the following shall not be exempt from the tax imposed by this division:
> . . . .
>    (3) Industrial machinery, equipment, and computers . . . within the scope of section 427A.1, subsection 1, paragraphs *"h"* and *"i"*.

*Id.* § 422.45(27)(*c*)(3). Iowa Code section 427A.1(1)(*h*) includes all "[p]roperty assessed by the department of revenue and finance pursuant to . . . [chapter] 433." *Id.* § 427A.1(1)(*h*). As a long distance telephone company, INS has historically been assessed by the department pursuant to chapter 433. *See id.* §§ 433.1–.6. The question presented in

this appeal thus becomes whether a 1995 amendment removed INS from the ambit of chapter 433 assessment—thereby entitling it to the tax exemption—or whether INS continues to be assessed by the department pursuant to chapter 433—thereby subjecting INS to the exception to the tax exemption.

**B. Position of the Parties.** In 1995, the Iowa General Assembly passed an amendment to chapter 476. 1995 Iowa Acts ch. 199, § 1. The amendment added section 476.1D(10), which states in relevant part:

> The board shall promptly notify the director of revenue and finance that a long distance telephone company has been classified as a competitive long distance telephone company. Upon such notification by the board, the director of revenue and finance shall assess the property of such competitive long distance telephone company, which property is first assessed for taxation in this state on or after January 1, 1996, *in the same manner as all other property assessed as commercial property by the local assessor* under chapters 427, 427A, 427B, 428, and 441.

*Id.* § 476.1D(10) (emphasis added).

INS asserts that section 476.1D(10) supplants the department's assessment authority under chapter 433. While the department retains the authority to centrally assess the company, it does so under the mandate of section 476.1D(10) and not chapter 433. In support, INS cites the legislative history of 1985 and 1995 amendments to the Iowa tax code, which expanded property and sales tax exemptions to numerous industries. According to INS, these exemptions were intended by the legislature to work in tandem, which is evidenced by the nearly identical language of the two exemptions. Because no party disputes that INS is entitled to a property tax exemption on the computers at issue here, INS argues that it should likewise be entitled to a sales and use tax exemption. INS further argues that it would be illogical for the department to construe the two exemptions differently.

While INS takes an expansive interpretation of section 476.1D(10), the department advocates for a narrow interpretation. It contends section 476.1D(10) does not supplant the department's power to assess INS under chapter 433, but merely dictates the *manner* or *method* of the department's assessment. The department further asserts that its interpretation of the sales and use tax exemption is not at odds with the property tax exemption. Assessment and taxation are not the same. Assessment is merely the first step in the taxation process. As a result, simply because a property is not taxed does not mean it is not assessed. The department, therefore, asserts that assessing property exempt from property taxation is not a violation of section 476.1D(10)'s directive to assess property "in the same manner" as the local assessor. Finally, the department asserts that the legislature could not have intended section 476.1D(10) to remove its assessment power from chapter 433 and, thereby, extend the sales and use tax exemption to INS. Had that been the legislature's intention in 1995, it would not have been necessary for it to explicitly exempt central office equipment from sales and use taxation in 2006.

**C. Application.** We agree with the department. A party seeking a tax exemption bears a heavy burden. As our prior cases demonstrate, taxation is the rule, exemption is the exception. *Van Buren County Hosp. & Clinics v. Bd. of Rev.*, 650 N.W.2d 580, 586 (Iowa 2002) (noting that exemptions exist only as a matter of legislative grace and are generally disfavored as inequitable and unfair). Exemptions from taxation, therefore, are " 'construed strictly against the taxpayer and liberally in favor of the taxing body.' " *Ranniger v. Iowa Dep't of Revenue & Fin.*, 746 N.W.2d 267, 269 (Iowa 2008) (quoting *Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue,* 301 N.W.2d 760, 762 (Iowa 1981)). The department's

narrow view of the statutes at issue is consistent with the narrow construction of tax exemption statutes, while the taxpayers' more sweeping view is not. *Id.*

Entitled "Telegraph and Telephone Companies Tax," chapter 433 is a comprehensive chapter governing the assessment and taxation of telegraph and telephone companies within the State of Iowa. Section 433.4 directs the department to assess "all property of every kind and character whatsoever, real, personal, or mixed, used by the companies in the transaction of telegraph and telephone business." Iowa Code § 433.4. Without a clear expression to the contrary, we cannot assume that the legislature intended to limit this broad grant of authority.

No such clear expression exists in section 476.1D(10). All that is evidenced by the language in section 476.1D(10) is an intention to alter the *manner* of the assessment of competitive long distance telephone companies—not the power of the department to assess. Tellingly, section 476.1D(10) does not reference chapter 433, nor does it refer to the department's original power to assess. In fact, the section seems to assume that the department already has the power to assess competitive long distance telephone companies and merely directs the department to assess the companies' property "in the same manner" as the local assessor. *Id.* § 476.1D(10). While INS advances policy arguments in support of its position, we derive legislative "intent from what the legislature said, not from what it might or should have said." *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.*, 606 N.W.2d 376, 379 (Iowa 2000).

Finally, the department's narrow interpretation is supported by a recent amendment to chapter 423. In 2006, the Iowa General Assembly added subsection 423.3(47A)(*a*), which explicitly exempted the central

office equipment of telecommunication companies from sales and use tax. 2006 Iowa Acts ch. 1162, § 1. While INS correctly points out that the 2006 law was more expansive and applied to more than simply competitive long distance telephone companies, its interpretation would render the legislature's specific inclusion of competitive long distance telephone companies redundant. *See Rojas v. Pine Ridge Farms, L.L.C.*, 779 N.W.2d 223, 231 (Iowa 2010) ("We also presume the legislature included all parts of the statute for a purpose, so we will avoid reading the statute in a way that would make any portion of it redundant or irrelevant.").

## IV. Conclusion.

We conclude that INS has not met its burden in proving its entitlement to a tax exemption of its purchases of computer equipment. For the reasons expressed above, the decision of the district court, therefore, is affirmed.

**AFFIRMED.**