# IN THE COURT OF APPEALS OF IOWA

No. 18-2182
Filed September 11, 2019

**A-TEC RECYCLING, INC. and EMCASCO INSURANCE COMPANY,**
    Plaintiffs-Appellants,

**vs.**

**CHARLES E. WOOD,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

An employer and its workers' compensation carrier appeal from the district court ruling on judicial review affirming the agency's award of permanent partial disability benefits to an employee. **AFFIRMED.**

D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Nicholas G. Pothitakis of Pothitakis Law Firm, PC, Burlington, for appellee.

Considered by Mullins, P.J., Bower, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

A-Tec Recycling, Inc. (A-Tec) and its workers' compensation carrier, Emcasco Insurance Company (EMC), appeal from the judicial review ruling affirming the workers' compensation commissioner's award of permanent partial disability benefits to Charles Wood. Because this appeal involves agency action, we apply the standards in Iowa Code section 17A.19(10) (2018) to determine whether we reach the same result as the district court. *See Lowe's Home Ctrs., LLC v. Iowa Dep't of Revenue*, 921 N.W.2d 38, 45 (Iowa 2018). In doing so, we recognize the agency's findings of fact

> have the effect of a jury verdict. We may reverse the commissioner's findings of fact only if they are unsupported by substantial evidence in the record made before the agency when the record is viewed as a whole. Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion. An agency's decision does not lack substantial evidence because inconsistent conclusions may be drawn from the same evidence.

*Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 366 (Iowa 2016) (citation omitted).

The record shows that Wood was working at A-Tec when he slipped and fell from the back of a truck and landed on his right side. First, Wood only experienced significant bruising on his right side, but his condition worsened over time. When he sought medical treatment eighteen days later, Wood was diagnosed with atrial fibrillation, pneumonia, and pleural effusion.

The parties agree that Wood sustained a work injury. They disagree on the extent of the injury—namely, whether the work injury caused a permanent impairment. A deputy workers' compensation commissioner determined that the work injury is a cause of permanent impairment to Wood's cardiac system in the

form of atrial fibrillation and assigned Woods a ten-percent industrial disability. The workers' compensation commissioner affirmed on appeal.

A-Tec and EMC petitioned for judicial review of the commissioner's decision. The district court held that substantial evidence supported the commissioner's determination that Woods sustained a ten-percent industrial disability because of his work injury. After also concluding that the determination was not arbitrary, unreasonable, irrational, or illogical, the court affirmed. On appeal, A-Tec and EMC challenge the commissioner's determination that Wood's work injury caused permanent impairment.

We may reverse the agency when it bases its action on "a determination of fact clearly vested by a provision of law in the discretion of the agency that is not supported by substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(f). Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." *Id.* § 17A.19(10)(f)(1). That different conclusions may be drawn from the evidence does not render the evidence insubstantial. *See Dunlap v. Action Warehouse*, 824 N.W.2d 545, 555 (Iowa 2012). We do not ask "whether the evidence would support a different finding than the finding made by the commissioner, but whether the evidence supports the findings actually made." *Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 557-58 (Iowa 2010). We broadly construe the findings to uphold the commissioner's decision. *See id.* We also give due regard to the commissioner's

decision to accept or reject evidence based on the commissioner's determination of witness credibility. *See id.*

Does substantial record evidence support the determination of a causal connection between Wood's heart condition and his work injury? Like the district court, we conclude that it does. Wood suffered an injury at work. He was diagnosed with atrial fibrillation two-and-one-half weeks later. A-Tec and EMC claim that Wood's heart condition is unrelated to the work injury, citing the opinion of Dr. Joel Kline, who performed Wood's independent medical examination. Dr. Kline stated it was not possible to determine the cause of the atrial fibrillation. But Dr. Craig Stevens, the cardiologist who treated Wood's atrial fibrillation, opined that the work injury was a substantial contributing factor. The deputy commissioner found Dr. Stevens's opinion was entitled to the greatest weight, noting that Dr. Kline examined Wood on only one occasion while Dr. Stevens treated Wood's condition. As trier of fact, the deputy commissioner was free to determine which expert opinions to accept or reject. *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011) (noting that the decision to accept or reject an expert opinion is within the "peculiar province" of the commissioner).

We next consider whether substantial record evidence supports the determination that Wood's heart condition is a permanent impairment. A-Tec and EMC argue the record does not support such a finding because Dr. Stevens never opined that Wood would have any future episodes of atrial fibrillation or that future episodes of atrial fibrillation would relate to his work injury. Yet Dr. Stevens stated that Wood needed to take medication for the rest of his life to control his condition because a person who has had atrial fibrillation is at risk of it recurring. We agree

that substantial evidence supports a finding that Wood's condition is a permanent impairment. *See Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 200 (Iowa 2010) ("[A] fundamental component of a permanent impairment is stabilization of the condition or at least a finding that the condition is 'not likely to remit in the future despite medical treatment.'" (citation omitted)).

A-Tec and EMC also argue the record cannot support a finding of a permanent impairment because Dr. Stevens released Wood to work without restrictions in November 2013. Although Dr. Stevens later imposed a lifting restriction, they claim Dr. Stevens never stated the restriction was permanent or related to Wood's work injury. We disagree. The record shows that Wood experienced a second incident of atrial fibrillation in April 2014 and persistent palpitations after pushing barrels at work in September 2014. After the episode in September 2014, Dr. Stevens imposed the work restriction that prohibits Wood from pushing or lifting over one-hundred pounds without assistance. Wood testified that Dr. Stevens said the restriction was permanent. Wood also testified that he experienced atrial fibrillation episodes at work when lifting objects weighing over one-hundred pounds or repeatedly lifting objects weighing between fifty and seventy pounds.

After reviewing the record, we conclude substantial evidence supports the agency's determination that a work injury caused a permanent partial disability by impairing Wood's cardiac system in the form of atrial fibrillation. Because we reach the same conclusion as the district court, we affirm. *See Nance v. Iowa Dep't of Revenue*, 908 N.W.2d 261, 267 (Iowa 2018).

**AFFIRMED.**