# IN THE SUPREME COURT OF IOWA

No. 21–1788

Submitted January 18, 2023—Filed June 16, 2023

Amended August 10, 2023

**LINDA K. JUCKETTE,**

Appellant,

vs.

**IOWA UTILITIES BOARD,**

Appellee,

and

**MIDAMERICAN ENERGY CO.** and **OFFICE OF CONSUMER ADVOCATE,**

Intervenors-Appellees.

---

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

A property owner appeals from a district court order that affirmed an Iowa Utilities Board order granting a franchise that authorized MidAmerican Energy Company to build certain electric transmission facilities. **AFFIRMED.**

May, J., delivered the opinion of the court, in which all participating justices joined. Mansfield, J., took no part in the consideration or decision of the case.

William M. Reasoner (argued) and John E. Lande of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Diana S. Machir (argued), Jon Tack, Matthew Oetker, and Gail Beech, Des Moines, for appellee.

Andrew L. Magner (argued), Des Moines, for intervenor-appellee MidAmerican Energy Company.

Jennifer C. Easler, Consumer Advocate, and Jeffrey J. Cook (until withdrawal), Des Moines, for intervenor-appellee Office of Consumer Advocate.

Christina L. Gruenhagen, Daniel R. Peacock, and David T. Meyers of Parker & Geadelmann, P.L.L.C., West Des Moines, for amicus curiae Iowa Farm Bureau Federation.

Dennis L. Puckett, Amanda A. James, and Colin C. Smith of Sullivan & Ward, P.C., West Des Moines, for amici curiae Iowa Association of Electric Cooperatives, Iowa Association of Municipal Utilities, and Iowa Utility Association.

Bret A. Dublinske and Brant M. Leonard of Fredrikson & Byron, P.A., Des Moines, for amicus curiae ITC Midwest LLC.

**MAY, Justice.**

MidAmerican Energy Company (MidAmerican) petitioned the Iowa Utilities Board (IUB) for a franchise to build electric transmission lines in Madison County. Some of the lines would run through a road right-of-way that encumbers Linda Juckette's land. Juckette protested. The IUB granted the franchise, and on judicial review the district court affirmed the IUB's decision.

On appeal, Juckette argues that MidAmerican did not satisfy a statutory requirement that new electric transmission lines must be necessary for a public use. Juckette also argues that MidAmerican has no right to place electric utility structures in the road right-of-way. At a minimum, Juckette argues, placement of these structures would result in a taking of private property that requires compensation under the Fifth Amendment to the United States Constitution and article I, section 18 of the Iowa Constitution.

We conclude that MidAmerican satisfied the statutory requirements for a franchise. We also conclude that Iowa Code section 306.46(1) (2019) provides utilities like MidAmerican with statutory authority to "construct, operate, repair, or maintain [their] utility facilities within a public road right-of-way," including the right-of-way that encumbers Juckette's land. As to the constitutional issue, we are evenly divided; as a result, the district court is affirmed by operation of law. Iowa Code § 602.4107; *State v. Effler*, 769 N.W.2d 880, 884 (Iowa 2009) ("[W]hen the supreme court is equally divided . . . , the decision of the district court is affirmed by operation of law.").

## I. Background Facts and Proceedings.

Iowa Code chapter 478 governs electric transmission line franchise proceedings. Section 478.1 requires that before a public utility may erect electric transmission lines "capable of operating at an electric voltage of sixty-nine kilovolts or more along, over, or across any public highway or grounds outside of cities," the utility must first obtain a grant of authority—called a "franchise"—from the IUB. Iowa Code § 478.1(1).

In 2019, MidAmerican filed a franchise petition with the IUB. MidAmerican asked for authority to construct 3.53 miles of electric transmission line in Madison County. The proposed project will help MidAmerican accommodate the demands created by a new Microsoft data center in West Des Moines. It will also have more general effects like increasing system reliability and preparing for anticipated growth in and around Cumming and West Des Moines.

MidAmerican's proposed project consists of two segments. They are called the east and west segments. The east segment would run over Juckette's land.

In support of its franchise petition, MidAmerican requested eminent domain over one property located along the west segment. But MidAmerican did not request eminent domain for any portion of the east segment where Juckette's property lies. MidAmerican believed that it did not need eminent domain there because it could use an existing road right-of-way that already encumbers Juckette's land.

The history of this road right-of-way began in 1979. That year, Juckette's predecessor-in-interest dedicated a plat that referenced a "road right-of-way" on

the eastern edge of the property. The plat contains no express statement as to whom the right-of-way was granted. But it seems undisputed that the right-of-way was granted to Madison County, and the road is a county highway.

It also seems undisputed that before 2004, MidAmerican would have been obligated to pay Juckette compensation to build electric transmission lines in the road right-of-way. In 2000, we issued an opinion in *Keokuk Junction Railway v. IES Industries*, 618 N.W.2d 352 (Iowa 2000) (en banc). There we considered the specific question of whether "a public highway purposes easement included within it the right of a private company to install electric utility poles." *Id.* at 354. We concluded that those easements "do[] not provide any legal basis for the erection of electric power lines" by a utility company "without its paying just compensation" to landowners, like Juckette. *Id.* at 362.

But then, in 2004, the legislature enacted Iowa Code section 306.46. 2004 Iowa Acts ch. 1014, § 1 (codified at Iowa Code § 306.46 (2005)). It states in pertinent part: "A public utility may construct, operate, repair, or maintain its utility facilities within a public road right-of-way." Iowa Code § 306.46(1).

In the 2019 franchise proceedings before the IUB, MidAmerican took the position that section 306.46 authorized it to build its poles and lines in the road right-of-way that encumbers Juckette's property. Because of section 306.46, MidAmerican argued, there was no need to seek eminent domain as to Juckette's property—and there was no need to compensate Juckette.

Juckette intervened in the IUB proceedings. She argued that no franchise should be granted to MidAmerican. Among other things, Juckette contended that

MidAmerican had failed to meet Iowa Code section 478.4's requirement that new transmission lines must be necessary for a public use. Juckette also contended that "MidAmerican cannot rely on [section] 306.46 to overcome the [constitutional] requirement of . . . just compensation in order to construct electric transmission lines on [her] property."

In a 2–1 decision, the IUB granted MidAmerican's franchise. The IUB concluded that MidAmerican had satisfied the requirements of chapter 478, including the public use requirement. As to MidAmerican's construction rights, the IUB acknowledged that—under *Keokuk Junction Railway*—"power lines and utility poles [were] *not included* within the scope of the general public highway easement." *Keokuk Junction Ry.*, 618 N.W.2d at 362. Even so, the IUB believed that the legislature's enactment of section 306.46 had changed the law so that "MidAmerican may construct, operate, repair, or maintain the transmission line in the public road right-of-way." But the IUB declined to decide whether the erection of the proposed line would infringe on Juckette's constitutional rights. "[T]his Board lacks the authority to determine constitutional questions," their order said.

Juckette petitioned for judicial review. The district court affirmed the IUB's decision. The district court agreed with the IUB that the requirements of chapter 478 were satisfied. And the court rejected Juckette's constitutional arguments. Juckette timely appealed and we retained the case.

**II. "Public Use" Analysis.**

Juckette contends that the district court erred by affirming the IUB's determination that MidAmerican's proposed transmission lines are "necessary to serve a public use" as required by Iowa Code section 478.4. We disagree.

Our review of administrative agency proceedings is governed by Iowa Code section 17A.19. *Env't Law & Pol'y Ctr. v. Iowa Utils. Bd.*, 989 N.W.2d 775, 781 (Iowa 2023). "We apply the standards of Iowa Code section 17A.19(10) to determine if we reach the same result as the district court." *Lowe's Home Ctrs., LLC v. Iowa Dep't of Revenue*, 921 N.W.2d 38, 45 (Iowa 2018). "[W]e review the IUB's factual findings under a substantial evidence standard." *Puntenney v. Iowa Utils. Bd.*, 928 N.W.2d 829, 837 (Iowa 2019); *see also* Iowa Code § 17A.19(10)(*f*). Substantial evidence is defined as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(*f*)(1). "The agency's decision does not lack substantial evidence merely because the interpretation of the evidence is open to a fair difference of opinion." *Puntenney*, 928 N.W.2d at 837 (quoting *NextEra Energy Res. LLC v. Iowa Utils. Bd.*, 815 N.W.2d 30, 42 (Iowa 2012)). "Thus, even if we find the record could support a different conclusion, we must affirm the agency's decision if it is supported by substantial evidence." *S.E. Iowa Coop. Elec. Ass'n v. Iowa Utils. Bd.*, 633 N.W.2d 814, 818 (Iowa 2001).

As to the specific question before us, we have long recognized that "the transmission of electricity to the public constitutes a public use as contemplated by section 478.4." *Id.* at 820. And the record contains substantial evidence that MidAmerican's proposed transmission lines are necessary to increase reliability and accommodate anticipated growth in and around Cumming and West Des Moines. So, like the district court, we affirm the IUB's findings that the transmission lines are "necessary to serve a public use" as required by Iowa Code section 478.4. *See Fischer v. Iowa State Com. Comm'n*, 368 N.W.2d 88, 97 (Iowa 1985) (affirming finding of public use under section 478.4 where the utility "presented evidence from which the commission could and did conclude that the proposed system changes were necessary to meet existing needs and, because of the additional future capacity which such changes provided, constituted a reasonable effort to provide for future needs"); *see also Bradley v. Iowa Dep't of Com.*, No. 01–0646, 2002 WL 31882863, at *5 (Iowa Ct. App. Dec. 30, 2002) ("The record contains substantial evidence that the proposed transmission line is necessary to increase reliability of service, accommodate occurring and anticipated load growth, and reasonably assure the availability, quality, and reliability of service. The transmission line thus serves a public purpose.").

Juckette complains that MidAmerican's project is more private than public because it is designed to serve a single customer, Microsoft. And it does seem that the most immediate need for the project is to satisfy the demands created by Microsoft's new data center. But record evidence shows that MidAmerican's

planned improvements will also benefit current and future customers other than just Microsoft.

Juckette also argues that section 478.4's public-use requirement requires a constitutional-takings analysis. We disagree. Our cases interpreting section 478.4 have not required that kind of analysis. *E.g., S.E. Iowa Coop. Elec. Ass'n,* 633 N.W.2d at 820 (noting the "broad standard of 'public use' prescribed by the legislature"). We decline to change course now.

### III. Private Property and Takings.

We now turn to Juckette's argument that MidAmerican has no right to place utility structures in the road right-of-way encumbering her land or, alternatively, MidAmerican may not do so without paying compensation. As we noted at the outset, we believe section 306.46 creates a statutory easement that allows utilities like MidAmerican to "construct, operate, repair, or maintain [their] utility facilities within a public road right-of-way," Iowa Code § 306.46(1), including the right-of-way that encumbers Juckette's property. *See Statutory Easement, Black's Law Dictionary* 646 (11th ed. 2019) ("An easement created by a legislative body to accommodate the public good, as for utility services."). There is no question, then, that MidAmerican is statutorily authorized to construct electric transmission lines within the Juckette right-of-way.

The only question is whether that construction could result in a taking that requires compensation under the Fifth Amendment to the United States Constitution and article I, section 18 of the Iowa Constitution. As to this question, we are evenly divided. Christensen, C.J., and McDermott and May, JJ.,

would find that that construction could result in a taking; Waterman, McDonald, and Oxley, JJ., disagree. As a result, the district court is affirmed by operation of law. Iowa Code § 602.4107 (2023); *Effler*, 769 N.W.2d at 884.

**AFFIRMED.**

All justices concur except Mansfield, J., who takes no part.